IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNILOC 2017 LLC,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   C.A. No. 19-183 (CFC)
                                    )
VUDU, INC.,                         )
                                    )
            Defendant.              )

**VUDU, INC.'S OPENING BRIEF IN SUPPORT OF ITS
MOTION TO STAY PENDING *INTER PARTES* REVIEW**

OF COUNSEL:

Alyssa Caridis
Shane D. Anderson
ORRICK HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017-5855
(213) 629 2020

Lillian J. Mao
ORRICK HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
(650) 614-7400

Clement Roberts
ORRICK HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
(415) 773-5700

March 10, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeffrey J. Lyons (#6437)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jlyons@mnat.com

*Attorneys for Defendant*

**TABLE OF CONTENTS**

Page

I.  NATURE AND STAGE OF PROCEEDINGS..............................................1

II.  SUMMARY OF ARGUMENT....................................................................2

III.  STATEMENT OF FACTS .........................................................................4

    A.  The State of The Case .....................................................................4

    B.  The Patent Office Instituted an IPR For All Claims of One of
        the Two Actively Litigated Patents.......................................................5

IV.  ARGUMENT..............................................................................................6

    A.  Legal Standard.................................................................................6

    B.  A Stay Will Simplify the Litigation. ...............................................7

        1.  The IPRs May Eliminate the Need to Litigate the
            Overlapping Claims That Constitute the Majority of the
            Case. ....................................................................................7

        2.  Even if Some of the Challenged Claims Survive, the IPR
            May Materially Change the Scope of This Case. ...................10

        3.  The IPRs Will Simplify the Litigation Even Though not
            all Asserted Patents or Claims are Subject to IPRs. ................12

    C.  A Substantial Amount of Discovery, Motion Practice, and
        Pretrial Activity Remains in This Case.............................................14

    D.  Uniloc Will Not Be Unduly Prejudiced by a Stay. ...........................15

V.  CONCLUSION..........................................................................................18

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*,
   C.A. No. 15-595-LPS, 2016 WL 6594083 (D. Del. Nov. 7, 2016)...............8, 17

*ACQIS, LLC v. EMC Corp.*,
   109 F. Supp. 3d 352 (D. Mass. 2015)...........................................................11, 13

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,
   C.A. No. 12-1107-GMS, 2014 WL 1369721 (D. Del. Apr. 7, 2014) ...............16

*British Telecomms. PLC v. IAC/Interactive Corp.*,
   C.A. No. 18-366-WCB, 2019 WL 4740156 (D. Del. Sept. 27,
   2019) .........................................................................................................*passim*

*CallWave Commc'ns, LLC v. AT&T Mobility*,
   LLC, C.A. No. 12-1701-RGA, 2015 WL 1284203 (D. Del. Mar.
   18, 2015) .........................................................................................................15

*Clinton v. Jones*,
   520 U.S. 681 (1997).............................................................................................6

*Courtesy Prods., L.L.C. v. Hamilton Beach Brands, Inc.*,
   C.A. No. 13-2012-SLR/SRF, 2015 WL 5145526 (D. Del. Sept. 1,
   2015) .................................................................................................................15

*Ethicon LLC v. Intuitive Surgical, Inc.*,
   C.A. No. 17-871-LPS, 2019 WL 1276029 (D. Del. Mar. 20, 2019)...........*passim*

*ImageVision.Net, Inc. v. Internet Payment Exchange, Inc.*,
   C.A. No. 12-054-GMS-MPT, 2012 WL 5599338 (D. Del. Nov. 15,
   2012) .................................................................................................................13

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
   C.A. No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21,
   2019) .........................................................................................................*passim*

*IOENGINE LLC v PayPal Holdings, Inc.*,
   C.A. No. 18-452-WCB, 2020 WL 419448 (D. Del. Jan. 27, 2020)...................10

*Mission Abstract Data L.L.C. v. Beasley Broad. Grp., Inc.*,
  C.A. No. 11-176-LPS, 2011 WL 5523315 (D. Del. Nov. 14, 2011) ..................16

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
  C.A. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ..................6

*NFC Tech. LLC v. HTC Am., Inc.*,
  No. 2:13-cv-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ......................6

*Princeton Dig. Image Corp. v. Konami Dig. Entm't, Inc.*,
  C.A. No. 11-1104-GMS-CJB, 2014 WL 3819458 (D. Del. Jan. 15,
  2014) ................................................................................................................15

*Symantec Corp. v. Zscaler Inc.*,
  No. 17-cv-04426-JST, 2018 WL 3539267 (N.D. Cal. July 23,
  2018) ................................................................................................................15

*SZ DJI Tech. Co. v. Autel Robotics USA LLC*,
  C.A. No. 16-706-LPS, 2019 WL 1244948 (D. Del. Mar. 18, 2019) ..................16

*Twilio, Inc. v. Telesign Corp.*,
  No. 16-cv-06925-LHK, Dkt. 195 (N.D. Cal. Apr. 3, 2018) ...............................13

**Rules and Statutes**

35 U.S.C. § 315(e)(2) .......................................................................................12

35 U.S.C. § 316(a)(11) .......................................................................................5

## I.     NATURE AND STAGE OF PROCEEDINGS

Uniloc 2017 LLC ("Uniloc") initially accused Vudu, Inc. ("Vudu") of infringing three patents in this case: U.S. Patent Nos. 6,519,005 ("the '005 patent"); 8,407,609 ("the '609 patent"); 6,895,118 ("the '118 patent").  Pursuant to the Court's July 2, 2019 Order, all claims pertaining to the '005 patent were stayed pending any appeal of the United Stated District Court for the Central District of California's decision finding that the '005 patent is not directed to patentable subject matter.[1]  (D.I. 30).   On July 18, 2019, Uniloc served its infringement contentions, accusing Vudu of infringing one claim of the '118 patent and all three claims of the '609 patent.

There is considerable work left to be done in this case: a *Markman* hearing to construe three terms of the '609 patent and one term of the '118 patent is scheduled for April 8, 2020; a discovery conference concerning issues related solely to the '609 patent is scheduled to take place after the Markman hearing on April 8, 2020; fact discovery is set to close on April 30, 2020; expert discovery closes August 7, 2020; dispositive motions are due August 28, 2020; and trial is to take place more than ten months from submission of this brief, on January 25, 2021.

---

[1] Uniloc did not file an interlocutory appeal of the District Court for the Central District of California's decision.

1

Seventy-five percent of the asserted claims (*i.e.*, all asserted claims of the '609 patent) are the subject of three *inter partes* review ("IPR") proceedings before the U.S. Patent and Trademark Office ("Patent Office"). On February 4, 2020, the Patent Office instituted trial on the first of these three—Case No. IPR2019-01367—filed by Sling TV L.L.C. (the "Sling IPR").[2] Vudu has now sought institution of its own IPR (an exact replica of the Sling IPR) and a joinder to the already-instituted Sling IPR. Because at least the Sling IPR that Vudu now seeks to join will likely have a material effect on the scope of the issues in this case, Vudu respectfully requests a stay of this action until final resolution of the Sling IPR.

## II.   SUMMARY OF ARGUMENT

1. The Patent Office instituted an IPR proceeding directed to all three claims of the '609 patent after concluding there is a "reasonable likelihood" those claims are invalid. Vudu seeks a stay of this case through completion of the ongoing Sling IPR proceeding for the following reasons.

2. *First*, there is a high likelihood all claims of one of the two actively litigated patents—amounting to seventy-five percent of the actively litigated claims in this case—will be invalidated as a result of the Sling IPR. Moreover, even if some challenged claims survive IPR, the scope of those claims could change

---

[2] The PTAB has not yet issued institution decisions on the remaining IPRs.

significantly (*e.g.*, to the extent Uniloc amends the claims and/or makes narrowing arguments to avoid prior art).  The weight of this case concerns the '609 patent. The upcoming Markman hearing on April 8, 2020, concerns only four claim terms, three of which are from the '609 patent.  Furthermore, the Court recently scheduled a Discovery Conference to take place immediately following the Markman Hearing.  This dispute between the parties relates solely to the '609 patent.  In addition, most of the source code involved in this matter relates to the '609 patent. Indeed, out of the 259 pages of source code requested by Uniloc, well over half appears to be solely directed to the question of infringement of the '609 patent.  A stay would avoid the high risk of proceeding with, and likely having to re-do, extensive, burdensome, and costly litigation—including certain fact discovery, expert reports, expert depositions, summary judgment, pre-trial filings, and trial— conducted on claims that are the subject of an ongoing IPR.

3. ***Second***, given the stage of this case (fact discovery has not yet closed, no fact depositions have been scheduled, expert discovery has not started, summary judgment is many months away, and the trial is set to commence more than ten months from the filing of this brief), a stay will not derail a matter otherwise close to trial.  And, given the statutory requirement for the Patent Office to issue a final written decision for the instituted Sling IPR no later than February 2021, the requested stay also will not prolong this litigation unreasonably.

4.  ***Third***, Uniloc will suffer no undue prejudice or tactical disadvantage from a stay.  Uniloc does not make or sell any products or otherwise compete with Vudu; thus, it faces no prospect of unfair harm from a modest delay in the litigation.  In addition, the other patent in this case (the '118 patent) expired years before Uniloc even filed this suit.  There is no prejudice or harm to Uniloc in staying that portion of the case pending the disposition of the IPRs on the '609 patent.

5.  Vudu therefore respectfully requests that the Court stay the litigation in its entirety until final resolution of the Sling IPR.

## III.  STATEMENT OF FACTS

### A.  The State of The Case

Uniloc initially accused Vudu of infringing three patents.  D.I. 1, 12. Following the Court's Order staying all claims pertaining to the '005 patent (D.I. 30), Uniloc's infringement contentions identified only four asserted claims: three from the '609 patent and one from the '118 patent.

Although fact discovery is scheduled to close on April 30, 2020, much work in this case remains.  Discovery is far from complete. For example, no fact depositions have been taken or scheduled.  And the one discovery dispute on the Court's docket relates solely to issues involving the '609 patent.  Putting aside fact discovery, the Markman hearing is scheduled for next month.   And expert discovery, dispositive motions, and trial all lay ahead.

**B.    The Patent Office Instituted an IPR For All Claims of One of the Two Actively Litigated Patents**

Prior to Vudu's recently-filed IPR petition and motion for joinder, three petitions for IPR were filed against the '609 patent.  The earliest of these three petitions was filed by Sling TV L.L.C.  All of the IPRs challenge all three claims of the '609 patent.  The Patent Office instituted the Sling IPR on February 4, 2020.[3]  Thus, the Patent Office has now instituted an IPR on all claims of one of the two actively litigated patents based on its finding that a "reasonable likelihood" exists that each of those challenged claims is invalid. Declaration of Shane D. Anderson ("Anderson Decl."), Ex. A (Uniloc's Disclosure of Asserted Claims and Infringement Contentions) at 2; *id*., Ex. B ('609 Sling IPR Institution Decision) at 2, 40.

The Patent Office has scheduled oral argument (if requested by the parties) for the instituted Sling IPR for November 2020.  Anderson Decl., Ex. C ('609 Sling IPR Scheduling Order).  By statute, and barring any showing of good cause, the Patent Office is required to issue a final written decision for the Sling IPR by February 2021 and for any subsequently instituted IPRs by one year from institution of that IPR, which would likely make final written decisions in the additional two IPRs due April and May of 2021. *See* 35 U.S.C. § 316(a)(11).

---

[3] The other two petitions—one filed by Netflix, Inc. and Roku, Inc. on October 18, 2019, and another filed by Google LLC on October 31, 2019—are pending institution.

## IV.   ARGUMENT

### A.   Legal Standard

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see British Telecomms. PLC v. IAC/Interactive Corp.*, C.A. No. 18-366-WCB, 2019 WL 4740156, at *2 (D. Del. Sept. 27, 2019).  When considering whether to grant a stay, courts in this District typically consider the following three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *1 (D. Del. July 2, 2013); *British Telecomms.*, 2019 WL 4740156, at *2; *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 3943058, at *2 (D. Del. Aug. 21, 2019).

Numerous courts have found that these factors favor a stay while at least some patents asserted in a patent infringement litigation are subject to instituted IPRs.  *See, e.g.*, *British Telecomms.*, 2019 WL 4740156, at *3 (recognizing "liberal policy in favor of stays … pending instituted IPR proceedings"); *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *7 (E.D. Tex. Mar. 11, 2015) ("[A]fter the PTAB has instituted review proceedings, the parallel district

6

court litigation ordinarily should be stayed."). Indeed, "[a] stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *IOENGINE*, 2019 WL 3943058, at *2 (internal quotation marks omitted).

This is precisely the case here. As detailed below, each of the stay factors weighs heavily in favor of staying this litigation until at least the parallel Sling IPR proceeding concludes—because (1) this case will be simplified, and burdensome and costly litigation will be avoided, if the Patent Office eliminates the overlapping challenged claims asserted here, or if those claims emerge from IPR only in narrowed form; (2) the requested stay will not unduly prejudice Uniloc, which makes no products and does not otherwise compete with Vudu; and (3) a stay makes practical sense given the procedural posture of this case, in which a substantial amount of discovery and other litigation still remains ahead.

**B.    A Stay Will Simplify the Litigation.**

   **1.    The IPRs May Eliminate the Need to Litigate the Overlapping Claims That Constitute the Majority of the Case.**

The IPR proceedings regarding the '609 patent could materially reduce or simplify the issues that the Court needs to resolve, particularly considering the overlap between the asserted claims in this case and those claims challenged in the IPRs. Anderson Decl., Ex. B ('609 Sling IPR Institution Decision) at 2, 40. This

significant overlap, involving seventy-five percent of the asserted claims, weighs heavily in favor of a stay. *See, e.g.*, *454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *3 (D. Del. Nov. 7, 2016) (IPR involving some asserted claims "is very likely to substantially simply the issues to be litigated in this case, resulting in the first factor weighing heavily in favor of . . . granting a stay"); *IOENGINE*, 2019 WL 3943058, at *9-10 (collecting cases). This is because there is a high likelihood that the Patent Office will modify or cancel at least some challenged claims in the IPRs.  According to the Patent Office's statistics, more than *80%* of instituted IPRs litigated to a final written decision result in cancelation of at least one claim, and *63%* result in cancelation of *all* instituted claims.  *See* Anderson Decl., Ex. D (PTAB Trial Statistics as of January 2020) at 10.  As a result, there is a strong possibility that all, or some, of the challenged claims will be invalidated in the IPRs.

That outcome could have a significant effect on the scope of this litigation. For example, if the Patent Office cancels all asserted claims of the '609 patent, that patent would no longer be at issue in this case.  This weighs heavily in favor of staying this litigation until at least the Sling IPR concludes.  *British Telecomms.*, 2019 WL 4740156, at *7 ("The most important factor bearing on whether to grant a stay is whether the stay is likely to simplify the issues at trial."); *id.*, at *2 (staying litigation pending instituted IPR: "[I]f the PTAB invalidates all of the

claims before it, the case will unquestionably become simpler. … [A]llowing the PTO to adjudicate the validity of the claims before it in the IPR proceeding reduces what otherwise could be duplication of effort."); *IOENGINE*, 2019 WL 3943058, at *3 (stay warranted to avoid "significant expenses on the parties that might be avoided if the stay results in the simplification of further court proceedings"); *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *2 (D. Del. Mar. 20, 2019) ("A stay will simplify the case because a PTAB decision will reduce and/or clarify issues the Court would otherwise address, including in connection with dispositive motions and trial.").

Even though the instituted IPR does not cover *all* asserted claims (*i.e.*, it does not cover claim 1 of the '118 patent), invalidation of the '609 patent by the Patent Office would remove the bulk of the issues being litigated in this case. Indeed, out of the four terms to be construed by the Court, three of them are from the '609 patent.  In addition, the dispute between the parties recently raised before the Court—and currently scheduled to be heard immediately following the Markman hearing—concerns *only* the '609 patent.  Furthermore, the '609 patent concerns software developed by Vudu, whereas the only other patent being actively litigated in this case—the '118 patent—concerns software implementing the well-known video encoding standard H.264.  Thus, the weight of the discovery being conducted, and efforts spent by the parties and their experts in analyzing

source code and technical documentation, has been and will be related to the '609 patent.

There simply is no reason that the Court should invest its resources in deciding issues relating to patents and claims that are under consideration at the Patent Office, when the Patent Office proceedings are likely to eliminate or change the issues remaining for the Court to decide.

### 2. Even if Some of the Challenged Claims Survive, the IPR May Materially Change the Scope of This Case.

Even if the IPRs do not result in invalidity findings for all of the challenged claims, it still would be more efficient to resume this litigation after at least the Sling IPR proceeding concludes for several reasons.

*First*, in an effort to overcome prior art, Uniloc will likely make arguments in the Sling IPR (and other IPRs should they be instituted) that affect the scope of the asserted claims in this case—which could have substantial implications for the infringement and validity evidence and arguments at issue in this case. *See British Telecomms.*, 2019 WL 4740156, at *8-9 (explaining that the "IPR proceeding may produce additional prosecution history" and could impact the scope of validity issues in litigation weighs in favor of a stay); *IOENGINE LLC v PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2020 WL 419448, at *4 (D. Del. Jan. 27, 2020) (denying motion to lift existing stay where "the PTAB's analysis of the claims

before it will almost certainly simplify and clarify the issues in the district court litigation, regardless of how many of the pending claims are canceled.").

If the case is stayed, the parties can directly address any such arguments and resulting claim narrowing in this litigation when the stay is lifted.  But if the parties continue to litigate during the IPRs, and Uniloc then makes arguments that narrow the claims in an IPR, the parties and the Court may need to re-do significant portions of the case—including, potentially, to revisit claim construction, infringement and invalidity allegations, written discovery requests and responses, document productions, fact depositions, and expert reports—directed to the new claim scope.  This risk weighs heavily in favor of a stay.  *See ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 358 (D. Mass. 2015) ("[D]enying a stay … could result in costly inefficiencies for the parties and the Court by introducing a need for certain portions of discovery and motion practice to be redone after the completion of the IPRs.").

***Second***, Uniloc may attempt to amend the asserted claims during the IPRs to try to overcome rejections and prior art.  If the case is stayed, the Court and the parties can address how to proceed regarding any such amended claims when the stay is lifted, and will not have wasted resources on fact discovery, claim construction, expert reports, expert depositions, summary judgment briefing, and trial preparation on claims that no longer exist in their current form.  But if the

parties continue to litigate, and Uniloc then amends the asserted claims, the parties would likely need to re-do all or much of this work. *See Ethicon*, 2019 WL 1276029, at *2 (stay pending IPR would be more efficient because "[t]here may be amendments" to claim scope).  This too weighs in favor of a stay.

*Third*, even if the IPRs result in a final decision upholding some challenged claims, the case still will be simplified because, should Vudu be joined to the Sling IPR,[4] Vudu will be estopped from raising in this case that any instituted claim "is invalid on any ground that [Vudu] raised or reasonably could have raised during [the] *inter partes* review." 35 U.S.C. § 315(e)(2). Staying the case to determine whether any invalidity defenses will be unavailable also will simplify and reduce the issues for discovery and trial. *See British Telecomms.*, 2019 WL 4740156, at *8 ("[E]ven if the PTAB does not cancel all (or even any) of the asserted claims … any conclusion that the PTAB reaches will have a likely effect on the litigation by limiting the arguments the Vimeo defendants can make regarding validity"); *IOENGINE*, 2019 WL 3943058, at *9 (noting that potential IPR estoppel weighs in favor of stay).

### 3.    The IPRs Will Simplify the Litigation Even Though not all Asserted Patents or Claims are Subject to IPRs.

As discussed above, the IPRs will simplify, and likely avoid, wasteful litigation, on three quarters of the claims currently at issue in this case.  That result

---

[4] Uniloc has yet to indicate whether it opposes Vudu's joinder.

does not change simply because not all the asserted patents or asserted claims are in IPR. Indeed, courts have regularly stayed cases where fewer than all the asserted patents are in IPR. *See IOENGINE*, 2019 WL 3943058, at *9 ("[D]istrict courts have frequently issued stays in cases in which IPR proceedings have been instituted on fewer than all the claims asserted in the related litigation."); *ACQIS*, 109 F. Supp. 3d at 357-58 (stay granted where 2 of 11 patents-in-suit and 3 of the 22 asserted claims were challenged in IPRs); *ImageVision.Net, Inc. v. Internet Payment Exchange, Inc*., C.A. No. 12-054-GMS-MPT, 2012 WL 5599338, at *4 (D. Del. Nov. 15, 2012) (noting that even where "the issues that would remain for litigation do exceed those that might be resolved through the reexamination process," simplification of the issues "is undeniably a benefit of the requested stay and should be recognized as such"); *Twilio, Inc. v. Telesign Corp*., No. 16-cv-06925-LHK, Dkt. 195, at 3 (N.D. Cal. Apr. 3, 2018) (holding where one of three patents was not subject to IPR, "the Court finds that the potential simplification of issues related to the other two patents outweighs the delay that will result in the adjudication of the '021 claims" and "it would make little sense to proceed only on the '021, thereby risking a second trial on the other two patents if they survive IPR"). Here, the weight of this case relates to the '609 patent because: three quarters of the actively litigated claims are from the '609 patent, three quarters of the claim terms under construction are from the '609 patent, the majority of the

source code requested by Uniloc in this case appears directed to the '609 patent, and the current dispute between the parties that is the subject of the recently scheduled April 8, 2020, Discovery Conference relates only to the '609 patent.

### C.   A Substantial Amount of Discovery, Motion Practice, and Pretrial Activity Remains in This Case.

A stay is also appropriate considering the current stage of the proceedings— given that the most time-consuming and costly stages of the case remain ahead. The Court has yet to hold a *Markman* hearing or construe the claims.  Fact and expert discovery are scheduled to extend into April and August 2020, respectively, depositions of all fact and expert witnesses remain to be scheduled, dispositive motions are not due until August 28, 2020, and the trial is scheduled to commence more than ten months away, on January 25, 2021.

Courts routinely stay cases in similar circumstances, including where discovery was well underway or completed, *Markman* rulings had issued, and even where dispositive motions had been filed and decided.  *See, e.g.*, *IOENGINE*, 2019 WL 3943058, at *2, 5, 12 (staying case ten weeks before close of fact discovery, eight days before the scheduled claim construction hearing, and eleven months before scheduled trial because "the most burdensome stages of the cases— completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future"); *Ethicon*, 2019 WL 1276029, at *2

14

(granting stay where fact discovery was complete, court had issued claim construction order, expert discovery was nearly complete, and trial was seven months away); *CallWave Commc'ns, LLC v. AT&T Mobility*, LLC, C.A. No. 12-1701-RGA, 2015 WL 1284203, at *1 (D. Del. Mar. 18, 2015) (granting stay after extensive fact discovery where "few depositions have been taken and expert discovery has not yet begun"); *Symantec Corp. v. Zscaler Inc*., No. 17-cv-04426-JST, 2018 WL 3539267, at *2-4 (N.D. Cal. July 23, 2018) (granting stay even after Court had ruled on dispositive motions).

### D.    Uniloc Will Not Be Unduly Prejudiced by a Stay.

A stay until at least the Sling IPR proceeding is completed also will not unduly prejudice Uniloc for multiple reasons.

***First***, Uniloc is a non-practicing entity that does not compete with Vudu and, therefore, any alleged harm Uniloc may suffer is purely monetary.  The degree of direct competition between the parties can be the "most significant[]" factor in determining whether the plaintiff will be prejudiced by a stay.  *Courtesy Prods., L.L.C. v. Hamilton Beach Brands, Inc*., C.A. No. 13-2012-SLR/SRF, 2015 WL 5145526, at *2 (D. Del. Sept. 1, 2015).  Courts in this District have regularly granted stays where the plaintiff does not compete with the defendant.  *See Princeton Dig. Image Corp. v. Konami Dig. Entm't, Inc*., C.A. No. 11-1104-GMS-CJB, 2014 WL 3819458, at *6 (D. Del. Jan. 15, 2014) (granting stay where the

15

"plaintiff is a non-practicing entity" and citing various cases); *see also SZ DJI Tech. Co. v. Autel Robotics USA LLC*, C.A. No. 16-706-LPS, 2019 WL 1244948, at \*2 (D. Del. Mar. 18, 2019) ("[T]he stay of proceedings with respect to a patent Autel does not practice will not greatly harm Autel."); *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc*., C.A. No. 12-1107-GMS, 2014 WL 1369721, at \*5 (D. Del. Apr. 7, 2014) (granting stay where plaintiff's "status as a non-practicing entity, rather than a market participant, suggests there is little risk that it will lose sales or market goodwill"); *Mission Abstract Data L.L.C. v. Beasley Broad. Grp., Inc*., C.A. No. 11-176-LPS, 2011 WL 5523315, at \*4 (D. Del. Nov. 14, 2011) (holding fact that plaintiff is "a non-practicing entity, which does not manufacture or sell products covered by the patents in suit and seeks to collect licensing fees … favors a stay").[5]

In addition, the '118 patent expired on May 17, 2017—prior to filing this lawsuit—so there would be no continued alleged infringement during a stay. Uniloc can just as easily seek any past damages (if any) for that patent once the stay is lifted.

**Second**, Vudu was diligent in seeking joinder to the Sling TV IPR and in filing this motion. Vudu promptly filed its petition for IPR and associated motion

---

[5] The lack of prejudice to Uniloc also is made clear by Uniloc's failure to seek a preliminary injunction. *See Ethicon*, 2019 WL 1276029, at \*3 (holding a "decision not to seek a preliminary injunction" shows lack of prejudice and weighs in favor of granting a stay).

for joinder less than a month after receiving notification that the Patent Office instituted the Sling TV IPR. *See, e.g.*, *Ethicon*, 2019 WL 1276029, at *2 (timing of IPR filings eleven months after plaintiff filed suit was reasonable where the "true scope of [plaintiff's] claims was not settled" until after claim narrowing). Vudu then promptly moved to stay within seven days of filing its own petition for IPR and its motion for joinder to the recently-instituted Sling TV IPR. *IOENGINE*, 2019 WL 3943058 at *6 (a motion to stay before the PTAB's institution decision "would have been premature, as courts almost invariably deny requests for stays pending IPR proceedings when the stay requests are filed before the IPR is instituted, and a pre-institution request therefore would have been futile"); *454 Life Scis. Corp.*, 2016 WL 6594083, at *4 (stay motion filed shortly after PTAB issued its institution decisions, "which is generally the ideal time at which to file such a request").

**Third**, as detailed above, claim construction and fact and expert discovery are not complete, and the trial is set to commence more than ten months from the filing of this brief.  There is no indication that a stay at this stage would unduly prejudice or present a clear tactical disadvantage to Uniloc, which just recently brought to Vudu's attention its desire to introduce additional instrumentalities to its infringement contentions.  *See British Telecomms.*, 2019 WL 4740156, at *4 (staying case where "much of the work in the case—and in particular the most

burdensome stages of the case—completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motion practice—all lie ahead").

In sum, the only prejudice here would be the demands placed on: (a) the Court in dealing with the '609 patent—to which the lion's share of the efforts in this case are dedicated—which could very well be invalidated or amended after at least the Sling TV IPR concludes; and to (b) Vudu if it is forced to continue litigating that patent and its asserted claims. That real risk of harm favors granting the requested stay until at least the Sling IPR proceeding concludes.

## V.    CONCLUSION

A stay until the IPRs are completed offers significant benefits of simplifying the case and poses no risk of prejudice to Uniloc.  For the reasons set forth above, Vudu respectfully requests that the Court stay this case pending the final conclusion of the parallel IPR proceedings, or at a minimum pending the final conclusion of the Sling IPR.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeffrey J. Lyons*

_____

Jack B. Blumenfeld (#1014)
Jeffrey J. Lyons (#6437)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jlyons@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Alyssa Caridis
Shane D. Anderson
ORRICK HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017-5855
(213) 629 2020

Lillian J. Mao
ORRICK HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
(650) 614-7400

Clement Roberts
ORRICK HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
(415) 773-5700

 March 10, 2020

**CERTIFICATION**

Vudu hereby certifies that that this paper includes 4,320 total words as indicated by the word count of the word-processing system used to prepare the filing. Vudu also hereby certifies that this paper is 14-point and Times New Roman typeface. As such, this paper complies with the type, font, and word limitations of this Court's Standing Order Regarding Briefing in All Cases.

*/s/ Jeffrey J. Lyons*

_____

Jeffrey J. Lyons (#6437)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 10, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 10, 2020, upon the following in the manner indicated:

Brian E. Farnan, Esquire                           *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*


M. Elizabeth Day, Esquire                          *VIA ELECTRONIC MAIL*
David Alberti, Esquire
Sal Lim, Esquire
Marc Belloli, Esquire
Kate E. Hart, Esquire
Hong Lin, Esquire
Nick Martini, Esquire
FEINBERG DAY KRAMER ALBERTI LIM
    TONKOVICH & BELLOLI LLP
1600 El Camino Real, Suite 280
Menlo Park, CA  94025
*Attorneys for Plaintiff*


*/s/ Jeffrey J. Lyons*
_____
Jeffrey J. Lyons (#6437)