## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNILOC 2017 LLC,

        Plaintiff,

      v.

VUDU, INC.,

        Defendant.

C.A. No. 19-cv-183-CFC

## PLAINTIFF UNILOC 2017 LLC'S OPPOSITION TO MOTION TO STAY

DATED: March 19, 2020

OF COUNSEL:

M. Elizabeth Day
David Alberti
Sal Lim
Marc Belloli
**FEINBERG DAY KRAMER ALBERTI
LIM TONKOVICH & BELLOLI LLP**
577 Airport Blvd, Suite 250
Burlingame, CA. 94010
Tel: 650 825-4300
eday@feinday.com
dalberti@feinday.com
slim@feinday.com
mbelloli@feinday.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
**FARNAN LLP**
919 North Market Street, 12th Floor
Wilmington, DE 19801
phone 302-777-0300
fax 302-777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for*
Uniloc 2017 LLC

## TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................... 1

II.   NATURE AND STAGE OF THE PROCEEDINGS ............................................. 2

III.  SUMMARY OF ARGUMENT ............................................................................ 3

IV.   STATEMENT OF FACTS .................................................................................. 4

V.    ARGUMENT ..................................................................................................... 5

VI.   CONCLUSION .................................................................................................. 9

## **TABLE OF AUTHORITIES**

**Cases**

*Belden Techs. Inc. v. Superior Essex Commc'ns LP,*
  C.A. No. 08-63-SLR 2010 WL 3522327 (D. Del. Sept. 2, 2010) .............................................. 8

*CallWave Commc'ns, LLC v. AT&T Mobility, LLC, et al.,*
  C.A. No. 12-1701-RGA, 2015 WL 1284203 (D. Del. March 18, 2015) ................................... 5

*Contour IP Holdings, LLC v. GoPro, Inc.,*
  C.A. 15-1108-LPS-CJB, 2016 WL 4474340 (D. Del. July 14, 2016) ...................................... 7

*Copy Protection LLC v. Netflix Inc.,*
  C.A. No. 14-365-LPS, 2015 WL 3799363 (D. Del. June 17, 2015) ......................................... 7

*Gold v. Johns-Manville Sales Corp.,*
  723 F.2d 1068 (3d Cir. 1983) .............................................................................................. 5

*HIP, Inc. v. Hormel Foods Corporation et. al.,*
  C.A. No. 18-00615-CFC, 2019 WL 7667104 (D. Del. May 16, 2019) ................................ 6, 8

*Indiana State Police Pension Trust v. Chrysler LLC,*
  556 U.S. 960 (2009) ............................................................................................................ 5

*Invensas Corp. v. Samsung Elecs. Co.,*
  C.A. No. 17-1363-MN-SRF, 2018 WL 4762957 (D. Del. Oct. 2, 2018) ................................ 6

*IOENGINE, LLC v. PayPay Holdings, Inc.,*
  C.A. No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019) ...................................... 6

*Landis v. N. Am. Co.,*
  299 U.S. 248 (1936) ............................................................................................................ 5

*Neste Oil v. Dynamic Fuels, LLC,*
  C.A. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ................................... 7, 8

*Nken v. Holder,*
  556 U.S. 418 (2009) ............................................................................................................ 5

*TruePosition, Inc. v. Polaris Wireless, Inc.,*
  C.A. No. 12-646-RGA/MPT, 2013 WL 5701529 (D. Del. Oct. 21, 2013) .............................. 7

## I.      INTRODUCTION

Plaintiff Uniloc 2017 LLC ("Uniloc") respectfully submits this Opposition to Defendant Vudu, Inc.'s ("Vudu") Motion to Stay Pending *Inter Partes* Review (D.I. 55) ("Motion").  In short, Vudu's purposeful delay in seeking PTAB review and bringing this motion should not be rewarded in the form of a stay.

On January 30, 2019, Uniloc commenced this action accusing Vudu of infringement of U.S. Patent Nos. 8,407,609 (the "'609 patent) and 6,895,118 (the "'118 patent").  One year later, on January 31, 2020, Vudu's deadline to file an IPR on either asserted patent passed as Vudu affirmatively chose not to file its own IPR petition on either patent.  On this basis alone, the Motion should be denied—seeking a stay at this point in the litigation is chicanery and should not be rewarded or condoned by the Court.

Even now, Vudu is only seeking review of the '609 patent (and not the '118 patent), and the PTAB has discretion to deny Vudu's attempt to join a third-party (SlingTv) IPR concerning the '609 patent.  This joinder decision could take up to six months (*i.e.*, September 13, 2020) which is well after the close of fact discovery, after the completion of expert discovery and after the filing of dispositive motions.  As this District often waits for institution decisions before staying cases, the Court should deny Vudu's Motion because the pending joinder request is not yet resolved.

As Vudu did not file an IPR petition as to the '118 patent, there is no reason to stay this matter in its entirety as the parties wait to see if Vudu ***may*** join SlingTV's IPR for the '609 patent.  A final written decision on SlingTV's '609 IPR is expected on or around February 4, 2021, the statutory deadline.  Given that the parties will have completed the remaining case

1

deadlines, including the pretrial conference on December 10, 2020,[1] and the trial on January 25, 2021, the Court should deny Vudu's Motion.

No defendant should be given a discretionary stay after intentionally waiting more than a year to seek any kind of PTAB review and when its current effort to seek PTAB review is speculative and does not cover all patents-in-suit. If Vudu wanted a stay, it should have sought PTAB review sooner and should have sought a stay sooner. This case is now nearly fourteen months old and should go forward as scheduled.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

Uniloc commenced this action on January 30, 2019 (D.I. 1), and served Vudu with the complaint on January 31, 2019. (D.I. 4). The Court entered a scheduling order on May 31, 2019 (D.I. 21), originally setting the Markman hearing for March 17, 2020,[2] setting the close of fact discovery on April 30, 2020, setting the close of expert discovery on August 7, 2020, and setting a dispositive motion deadline of August 28, 2020, all of which will occur before the PTAB's decision on the pending joinder motion and petition (*i.e.,* September 13, 2020).

Vudu ignores the substantial amount of work that has taken place in the first fourteen months of this case. Uniloc served its first set of requests for production on May 20, 2019 (D.I. 17), and Vudu responded on June 26, 2019 (D.I. 28). Uniloc served its infringement contentions on July 18, 2019 (D.I. 31). Vudu served its invalidity contentions on October 7, 2019 (D.I. 32). Uniloc served its first set of interrogatories on October 9, 2019 and Vudu responded on November 13, 2019 (D.I. 37). The deadline for substantial completion of document production was February 27, 2020. (D.I. 21). The Joint Claim Construction Brief and Appendix in

---

[1] The Court set a trial sequencing conference for November 6, 2020. However, because Vudu is the only remaining Defendant who has not settled, this date is no longer necessary.
[2] The Court subsequently moved the Markman hearing date to April 8, 2020 (D.I.34).

connection with the upcoming April 8 Markman hearing[3] was filed on February 18, 2020.  (D.I. 52 and 53).

Vudu has produced its documents and its source code.  Uniloc's expert has spent several days reviewing the source code and has completed her review.  Uniloc has met and conferred with Vudu (and Vudu does not oppose) Uniloc's request to seek leave to amend its infringement contentions to include pinpoint citations to Vudu's source code.[4]  Day Decl., Ex. A.

Vudu has identified a single technical witness, Jake Page, with information relevant to the products accused of infringing the '609 patent and '118 patent.  Uniloc will soon take Mr. Page's deposition.  Vudu claims it has produced all documents "sufficient to show the revenue, cost and profits of the products and services specifically accused of infringement in plaintiff's contentions from January 2013 to the present" (Day Decl., Ex. B) and a 30(b)(6) deposition on financial topics will also occur in early April

Apparently by design, Vudu only recently began seeking discovery from Uniloc despite this case having been pending since January of last year.  Vudu served its first set of requests for production of documents on February 12, 2020, and its first set of interrogatories on February 17, 2020.  Uniloc served its responses to these requests on March 13, 2020, and March 18, 2020, respectively.

## III.    SUMMARY OF ARGUMENT

Uniloc respectfully requests that the Court deny Vudu's Motion because Vudu's motion for stay creates a circumstance akin to this District's common practice to wait until the PTAB makes a decision on institution before staying the litigation.  Vudu filed its tagalong IPR petition

---

[3] Pursuant to D.I 61, Uniloc has requested that the Court cancel the April 8 discovery hearing.
[4] All exhibits to this opposition are attached to the declaration of Elizabeth Day ("Day Decl.,") filed herewith.

and its motion for joinder on March 3, 2020.  The joinder was accorded a date of March 13, 2020, making Uniloc's response to the joinder due June 13, 2020.  The PTAB's decision on whether to allow joinder and institution is due September 13, 2020,[5] well after the close of fact and expert discovery and after the dispositive motion deadline.  This case presents no reason to deviate from this District's practice to wait until the PTAB makes a decision before staying the litigation, particularly when this case is advanced and there is no pending IPR on the '118 patent.  Further, Vudu filed its request for joinder one day before the statutory deadline and waited an additional six (6) days to inform Uniloc of its intent to move to stay, suggesting that Vudu intentionally delayed its filing to gain a tactical advantage in this case.

## IV.      STATEMENT OF FACTS

Uniloc commenced this action against Vudu on January 30, 2019 (D. I. 1), and served Vudu with the complaint on January 31, 2019.  (D.I. 4).  Vudu had an opportunity to file an IPR on the '609 patent (and the '118 patent), by January 31, 2020, but it chose not to.

Uniloc sued SlingTV in the District of Colorado on January 31, 2019. *Uniloc 2017 LLC v. SlingTV L.L.C.,* Case No. 1:19-cv-0278-RBJ-MEH.  SlingTV filed its IPR petition against the '609 patent less than six months later on July 22, 2019, which the PTAB instituted on February 4, 2020.  Day Decl., Ex. C.  According to the scheduling order in the IPR, oral argument (if requested) will not occur until November 4, 2020 (Day Decl., Ex. D), and a final decision regarding the '609 patent will not issue until February 2021 at the earliest.  37 C.F.R. §42.100(c).  Vudu, instead of immediately filing a motion for joinder when SlingTV filed its petition back in July 2019 or when the institution decision was granted in early February prior to the deadline to submit Markman related pleadings, waited another twenty-nine (29) days and filed its request for

_____

[5] 37 CFR 42.107(b).

joinder on March 3, 2020—one business day before the 30-day deadline.  Uniloc's preliminary response to Vudu's joinder is due June 13, 2020, and a decision on whether to institute is due no later than September 13, 2020.

Although SlingTV filed an IPR on the '118 patent, that petition was denied institution on February 25, 2020, and there is no IPR pending against this patent.  Day Decl., Ex. E.

## V.   ARGUMENT

A party requesting a stay of litigation bears the burden of showing that a stay is appropriate.  *See Landis v. N. Am. Co.,* 299 U.S. 248, 255-56 (1936).  "It is well settled that before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity,' if there is 'even a fair possibility' that the stay would work damage on another party." *See Gold v. Johns-Manville Sales Corp.,* 723 F.2d 1068, 1075-76 (3d Cir. 1983) (quoting *Landis,* 299 U.S. at 255).  "'A stay is not a matter of right' . . .  It is instead an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'"  *Indiana State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (quoting *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

Three factors govern whether to institute a stay pending IPR:  "(1) whether granting the stay will simplify issues for trial; (2) whether discovery is complete and a trial date is set; and (3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage." *CallWave Commc'ns, LLC v. AT&T Mobility, LLC, et al.,* C.A. No. 12-1701-RGA, 2015 WL 1284203, at *1 (D. Del. March 18, 2015).  These three factors weigh against or are neutral with respect to a stay.  First, because the PTAB has not ruled on Vudu's request for joinder or whether to institute its petition, it is pure speculation whether the IPR could simplify issues for trial.  If Vudu's request is denied, the issues for trial are not simplified and this case is delayed for no benefit.  Second, fact discovery, other than a limited

number of depositions, is substantially complete and a trial date is set for January 25, 2021. The parties will complete the remainder of this case, including a jury trial, before the PTAB issues a final written decision on SlingTV's '609 IPR. Further, Vudu's choice not to file IPRs within the one-year statutory window (*i.e.,* by January 31, 2020) and its delay in filing its request for joinder and its own IPR petition presents a tactical disadvantage to Uniloc's ability to enforce the '609 and '118 patents if this case is stayed in its entirety. For these reasons, the Court should deny Vudu's Motion.

### A. Vudu's Request is Premature

The Court should deny Vudu's requested stay as premature because the PTAB has not yet decided whether to allow Vudu to join SlingTV's IPR proceedings on the '609 patent or to institute based on Vudu's own IPR petition. Courts in this District (and elsewhere) "almost invariably deny requests for stays pending IPR proceedings when the stay requests are filed before the IPR is instituted. . . ." *IOENGINE, LLC v. PayPay Holdings, Inc.,* C.A. No. 18-452-WCB, 2019 WL 3943058, at * 6 (D. Del. Aug. 21, 2019) (citing *Invensas Corp. v. Samsung Elecs. Co.,* C.A. No. 17-1363-MN-SRF, 2018 WL 4762957, at * 6 (D. Del. Oct. 2, 2018)); *HIP, Inc. v. Hormel Foods Corporation et. al.*, C.A. No. 18--00615-CFC, 2019 WL 7667104, * 1 (D. Del. May 16, 2019).

Waiting until after the PTAB considers the joinder request is the prudent course because any expected simplification of the case rests on speculation that such joinder will occur. Absent joinder and an institution of its petition, Vudu's arguments in favor of issue simplification are illusory. "Generally, 'the "simplification" issue does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for *inter partes* review.'" *Copy Protection LLC v. Netflix Inc.,* C.A. No. 14-365-LPS, 2015 WL 3799363, at * 1 (D. Del. June 17,

2015).  If the joinder motion is denied, no estoppel will attach to prevent Vudu from reasserting the same invalidity arguments and references in this litigation.[6]  Uniloc respectfully submits that Vudu's request for a stay should be denied as premature and any decision regarding a stay should be delayed at least until after the PTAB's decision on joinder.

**B.      A Stay Would Present A Clear Tactical Advantage to Vudu and Prejudice Uniloc**

In considering whether the stay would be prejudicial to the patent owner or give accused infringers, like Vudu, a clear tactical advantage, courts often consider four factors:  (1) the timing of the request for review; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties.  *See Contour IP Holdings, LLC v. GoPro, Inc.*, C.A. 15-1108-LPS-CJB, 2016 WL 4474340, at *11 (D. Del. July 14, 2016) (citations omitted).   "The more diligent a party is in seeking *inter partes* review, the less likely its petition is prejudicial to the non-movant." *TruePosition, Inc. v. Polaris Wireless, Inc.,* C.A. No. 12-646-RGA/MPT, 2013 WL 5701529, at * 6 (D. Del. Oct. 21, 2013).  "Filings for IPR made well after the initiation of litigation, however, may suggest an unfair tactical advantage or dilatory motive." *Id.*; *see also Copy Protection LLC,* 2015 WL 3799363, at *1 ("Defendant's delay in petitioning for IPR could create at least some tactical disadvantage for Plaintiff…."). "Courts have expressed reluctance to grant a stay where the timing of the request for PTO review or reexamination suggests a dilatory intent on the movant's part." *Neste Oil v. Dynamic Fuels, LLC,* C.A. No. 12-1744-GMS, 2013 WL 3353984, at * 2 (D. Del. July 2, 2013) (*citing Belden Techs. Inc. v. Superior Essex Commc'ns LP,* C.A. No. 08-63-SLR 2010 WL 3522327 at * 2 (D. Del.

---

[6] Vudu's invalidity contentions served on October 3, 2019 include the same four references, among others, at issue in SlingTV's pending IPR proceeding.

Sept. 2, 2010). "Likewise, a delay in filing a motion to stay may indicate that the movant sought to gain an improper tactical advantage." *Id., HIP,* 2019 WL 7667104, at *1.

The chronology reveals Vudu's attempts to gain a clear tactical advantage over Uniloc. Vudu did not file any IPR petition during the one-year statutory period to do so. Vudu did not join SlingTV's IPR petition filed in July 2019. Vudu did not immediately join SlingTV's '609 IPR when it instituted on February 4, 2020, eleven (11) days before the deadline to submit the Joint Claim Construction Brief and Appendix. Instead, Vudu waited twenty-nine (29) days (one day before the joinder deadline) to file its request. It then waited an additional six (6) days to inform Uniloc of its intent to stay this action. Day Decl., Ex. F. Vudu's delay in petitioning for joinder of an IPR "could create at least some tactical disadvantage" to Uniloc and "a stay may unduly prejudice" Uniloc. While this Court has noted that a party's status as a non-practicing entity reduces the prejudice it would suffer from a stay, there remains a potential for undue prejudice. "[S]taying a case pending PTO review risks prolonging the final resolution of the dispute and thereby may result in some inherent prejudice to the plaintiff." *HIP, Inc.,* 2019 WL 7667104, *1 (*citing Neste Oil*, 2013 WL 3353984, at * 2.

Here, Vudu filed its request for joinder one business day before the thirty-day deadline. Vudu took the entire year not to file its own petition and then tacked on another month of delay seeking to glom on to someone else's IPR. Vudu's delay demonstrates the chicanery of trying to string this matter along right up until the eve of Markman and then seek a stay. The delay resulted in the completion of a significant amount of work, particularly by Uniloc, which could have been avoided if Vudu either filed its own timely IPR petition or sought joinder much earlier. No matter the reason for Vudu's tactics, these delays are additional support to deny the requested stay.

## VI.     CONCLUSION

Uniloc respectfully requests that Court deny Vudu's requested stay.  The Motion is, at best, premature until the PTAB renders a decision on joinder.  Vudu's Motion also presents a tactical disadvantage to Uniloc because of the amount of time and money Uniloc has spent litigating this matter only to have the matter stayed and Vudu's tactics to delay rewarded.  Finally, given that this case will be over by the time the PTAB renders its final written decision on SlingTV's '609 IPR, the Court should deny Vudu's Motion.


DATED: March 19, 2020

OF COUNSEL:

M. Elizabeth Day
David Alberti
Sal Lim
Marc Belloli
**FEINBERG DAY KRAMER ALBERTI
LIM TONKOVICH & BELLOLI LLP**
577 Airport Blvd, Suite 250
Burlingame, CA. 94010
Tel: 650 825-4300
eday@feinday.com
dalberti@feinday.com
slim@feinday.com
mbelloli@feinday.com

Respectfully submitted,

**FARNAN LLP**

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
phone 302-777-0300
fax 302-777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for*
Uniloc 2017 LLC