IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNILOC 2017 LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-183 (CFC) |
| | ) | |
| VUDU, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### VUDU, INC.'S REPLY BRIEF IN SUPPORT OF ITS
### MOTION TO STAY PENDING *INTER PARTES* REVIEW

OF COUNSEL:

Alyssa Caridis
Shane D. Anderson
ORRICK HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017-5855
(213) 629 2020

Lillian J. Mao
ORRICK HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
(650) 614-7400

Clement Roberts
ORRICK HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
(415) 773-5700

March 23, 2020

MORRIS, NICHOLS, ARSHT &TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeffrey J. Lyons (#6437)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jlyons@mnat.com

*Attorneys for Defendant*

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...............................................................................................1

II. ARGUMENT......................................................................................................2

    A. Vudu's Request Is Not Premature......................................................2

    B. A Stay Would Not Create Any Tactical Advantage to Vudu Nor Prejudice Uniloc. .................................................................................4

III. CONCLUSION...................................................................................................8

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*HIP, Inc. v. Hormel Foods Corp.*,
   C.A. No. 18-615-CFC, 2019 WL 7667104 (D. Del. May 16, 2019) ...................8

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
   C.A. No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21,
   2019) ........................................................................................................................5

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
   C.A. No. 18-452-WCB, 2020 WL 419448 (D. Del. Jan. 27, 2020) ......................5

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
   C.A. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ...................8

*Uniloc 2017, LLC v. Google LLC*,
   No. 2:18-cv-00502-JRG-RSP (E.D. Tex. Mar. 16, 2020), D.I. 194......................7

**Rules and Statutes**

35 U.S.C. § 318(a) ......................................................................................................2, 3

I.      **INTRODUCTION**

Uniloc's opposition advances two basic arguments that are fundamentally inconsistent with each other.  Moreover, Uniloc ignores the benefits of awaiting a decision from the Patent Office as to the validity of the '609 patent, instead seeking to impose on this Court the burden of deciding claim construction and summary judgment, and even holding a January 2021 trial – one week before a final decision on the validity of the '609 patent will be due from the Patent Office.

First, Uniloc argues that the motion to stay is premature because the PTAB has not yet granted Vudu's motion for joinder.  But this fact does not make a stay premature.  To the contrary, because the PTO *has already* instituted the underlying Sling IPR petition, because Vudu is simply seeking to join that *existing* petition, and especially because Vudu agrees to be estopped as a condition of granting the stay, the motion is not premature.

Second, without any apparent sense of irony, at the same time that Uniloc argues that Vudu's motion is premature, it also argues that the motion to stay comes too late.  But this argument also does not withstand scrutiny.  Among other things: (a) delay does not automatically create prejudice; (b) Uniloc cannot identify any *specific* prejudice it has suffered or will suffer, nor any tactical advantage that Vudu would gain; (c) Uniloc is responsible for part of the delay about which it now

complains; and (d) Vudu timely filed its motion to join Sling's IPR and timely filed this motion.

Finally, Uniloc's opposition does *nothing* to rebut most of the points Vudu made in its opening brief. Most importantly, there is no dispute that a stay will simplify the remaining issues, that most of the remaining issues involve the '609 patent that is the subject of Sling's IPR, and that the vast majority of the work in this case remains ahead of us. Uniloc offers no reason why this Court should expend its resources deciding claim construction, discovery disputes, and summary judgment motions on a patent the validity of which is before the Patent Office and will be decided in less than a year. Vudu's motion to stay should be granted.

## II. ARGUMENT

### A. Vudu's Request Is Not Premature.

Uniloc argues that Vudu's motion to stay is premature because "the PTAB has not yet decided whether to allow Vudu to join Sling TV's IPR proceedings" and because Courts often deny stay requests made prior to institution. D.I. 62 at 6. This argument is wrong for three reasons.

First, the argument is predicated on some supposed uncertainty regarding whether the PTAB will review the merits of the petition. However, because the PTAB *has* granted institution on Sling TV's IPR the merits of the petition *will* be reviewed whether or not Vudu's joinder motion is granted. 35 U.S.C. § 318(a) ("If

2

an inter partes review is instituted and not dismissed under this chapter, the Patent Trial and Appeal Board **shall** issue a final written decision with respect to the patentability of any patent claim challenged by the petitioner and any new claim added under section 316(d).") (emphasis added).

Second, the argument is predicated on some supposed uncertainty regarding whether Vudu will be bound by the results of that petition. As an initial matter, the PTAB routinely grants "me too" joinder petitions. Indeed, data shows that the PTAB's overall grant rate of *all* joinder motions is **78% --** and the grant rate for "me too" joinder motions (*i.e.*, those that do not present new issues or evidence) is likely higher. Second Anderson Decl. ¶ 3 & Ex. E. In addition, in the event that this motion to stay *is* granted and joinder is denied, Vudu agrees to be bound by the same estoppel that would have attached if its joinder motion had been granted.

Third, even the cases cited by Uniloc show that stays pending IPRs brought by entities other than the defendant have been granted. *See e.g.*, *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 3943058, at *11-12 (D. Del. Aug. 21, 2019) (staying action against PayPal after an IPR filed by Ingenico was instituted on one of three patents asserted against PayPal, even though IPR petitions filed by PayPal had yet to be instituted or denied); *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2020 WL 419448, at *1-2, *7 (D. Del. Jan. 27, 2020) (denying a motion to vacate stay of the

3

PayPal action even after all of PayPal's IPR petitions had been denied, leaving only Ingenico's three instituted IPR proceedings). Thus, this motion for a stay is *not* premature under this Court's precedents.

> **B.    A Stay Would Not Create Any Tactical Advantage to Vudu Nor Prejudice Uniloc.**

Uniloc argues that Vudu's alleged "delay" in joining the Sling IPR "demonstrates … chicanery" and "resulted in the completion of a significant amount of work … which could have been avoided if Vudu" had filed its own IPR or sought joinder earlier. D.I. 62 at 7-8. There are several problems with this argument, including that it is logically inconsistent with Uniloc's argument that Vudu's motion to stay is somehow simultaneously *premature*.

*First*, Uniloc's argument does not even purport to identify a tactical advantage that Vudu allegedly received nor does it identify any alleged prejudice to Uniloc as a result of the purported delay. Instead, the only thing Uniloc points to as a supposed harm is work that has been done and which might otherwise have been avoided. But (a) it is always the case that an earlier stay will avoid more work than a latter stay; (b) the fact that work that has been done (by both sides) does not create a tactical advantage for Vudu or prejudice Uniloc, and (c) there is great deal of work left to be done by the parties and the Court (including the April 8 claim construction hearing, discovery disputes, all depositions on both sides, expert discovery, summary judgment motions, trial preparation and trial).

4

As to discovery, although Uniloc touts the fact that it served responses to Vudu's first set of requests for production on March 13, 2020, it ignores that Uniloc failed to address the *substance* of Vudu's requests. Instead, Uniloc simply cut-and-pasted a boilerplate refusal to produce **any** documents whatsoever. *See* Second Anderson Decl. ¶ 4 & Ex. F. That approach to discovery is inconsistent with the notion that Uniloc is trying to move this case forward expeditiously and would suffer prejudice from a delay. If Uniloc adheres to that position, the Court will have to address that discovery issue. Similarly, although Uniloc asserts that "a 30(b)(6) deposition on financial topics will . . . occur in early April" (D.I. 62 at 3), *it has not yet served a 30(b)(6) deposition notice*. Moreover, in other cases, Uniloc has been seeking to extend discovery and *bar* depositions in light of the logistical problems created by COVID-19. *See, e.g.*, Emergency Opposed Motion to Modify Discovery Deadlines and for a Protective Order to Forbid Depositions for a Limited Time Period to Avoid COVID-19, *Uniloc 2017, LLC v. Google LLC*, No. 2:18-cv-00502-JRG-RSP, (E.D. Tex. Mar. 16, 2020), D.I. 194. And, Uniloc's *infringement contentions* are not even settled, because the parties are meeting and conferring about Uniloc's attempts to add new accused instrumentalities to the case. None of this, of course, is consistent with the picture that Uniloc seeks to paint.

Lacking any specific or identifiable prejudice, Uniloc cites a number of cases where the court found that delay "may" create prejudice. But those cases do not support a stay here. For example, in *HIP, Inc. v. Hormel Foods Corp.*, C.A. No. 18-615-CFC, 2019 WL 7667104, at *1 (D. Del. May 16, 2019), claim construction had been completed, a hearing had been scheduled for a fully-briefed case-dispositive motion, and the relevant IPR had *not* yet been instituted. And in *Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *2, *5 (D. Del. July 2, 2013), the court **granted** a stay, even before the IPR had been instituted, stating that "mere potential for delay, however, is insufficient to establish undue prejudice." *Id.* at *2.

**Second**, contrary to Uniloc's assertions, Vudu has been diligent. Vudu diligently evaluated the merits of joining Sling's instituted IPR, and then promptly conferred with Sling's IPR counsel to ensure Sling would not object to the proposed joinder. Once Sling's agreement was obtained, Vudu notified Uniloc's IPR counsel the next day.

Uniloc faults Vudu for waiting until the second-to-last day to file its joinder papers, but that timing was at least partly of Uniloc's own making. Vudu held off on filing its IPR petition and joinder motion in order to meet and confer with Uniloc's IPR counsel in an attempt to come to mutually agreeable conditions for joinder. Vudu notified Uniloc's IPR counsel on February 26, 2020, of its intent to

6

file an IPR petition regarding the '609 patent and motion to join Sling's IPR proceeding, thereafter met and conferred, provided a draft of Vudu's Motion for Joinder, and sent four reminder emails to Uniloc's IPR counsel. Even then, Uniloc informed Vudu that it was "still evaluating and will respond in due course if it will oppose." *See* Second Anderson Decl. ¶ 5 & Ex. G. It was Uniloc, not Vudu, that dragged things out until the last minute. To ensure a timely filing, Vudu finally gave up on waiting for Uniloc and filed its petition and motion for joinder on March 3, 2020.

Finally, Uniloc's arguments about delay are not logically compatible with Uniloc's concurrent argument that this motion should be denied as premature. As noted above, Uniloc argues that a stay should be denied where the underlying IPR has not yet been instituted. Thus, even if Vudu had attempted to join Sling's IPR earlier, it would (according to Uniloc) not have been able to seek a stay until that IPR was granted – just a few weeks ago. Thus, at best, Uniloc's argument is that Vudu's "chicanery" lies in the fact that it waited 29 days to file its motion to join the Sling IPR. The fact is that Vudu filed its joinder within the 30 day statutory window, and would have filed even earlier had Uniloc not delayed the meet and confer process. None of the cases cited by Uniloc suggest that this is the kind of delay that would justify denying a stay where – as here – the facts otherwise support it.

## III. CONCLUSION

As discussed in Vudu's opening brief, the benefits to be gained from a stay are substantial – it would simplify the litigation, prevent inefficiencies, and not prejudice Uniloc. Vudu respectfully asks the Court to grant the motion.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeffrey J. Lyons*

_____
Jack B. Blumenfeld (#1014)
Jeffrey J. Lyons (#6437)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jlyons@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Alyssa Caridis
Shane D. Anderson
ORRICK HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017-5855
(213) 629 2020

Lillian J. Mao
ORRICK HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
(650) 614-7400

Clement Roberts
ORRICK HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
(415) 773-5700

March 23, 2020

## CERTIFICATION

Vudu hereby certifies that that this paper includes 1,776 total words as indicated by the word count of the word-processing system used to prepare the filing. Vudu also hereby certifies that this paper is 14-point and Times New Roman typeface. As such, this paper complies with the type, font, and word limitations of this Court's Standing Order Regarding Briefing in All Cases.

*/s/ Jeffrey J. Lyons*
_____
Jeffrey J. Lyons (#6437)

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 23, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| M. Elizabeth Day, Esquire<br>David Alberti, Esquire<br>Sal Lim, Esquire<br>Marc Belloli, Esquire<br>Kate E. Hart, Esquire<br>Hong Lin, Esquire<br>Nick Martini, Esquire<br>FEINBERG DAY KRAMER ALBERTI LIM<br>    TONKOVISH & BELLOLI LLP<br>1600 El Camino Real, Suite 280<br>Menlo Park, CA  94025<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

/s/ *Jeffrey J. Lyons*
_____
Jeffrey J. Lyons (#6437)