IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNILOC 2017 LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 19-183-CFC |
| | ) | |
| VUDU, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Defendant Vudu, Inc. has moved to stay the case until the final disposition, including the completion of any appeals, of the *inter partes* review (IPR) of United States Patent No. 8,407,609 (the #609 patent) instituted by the United States Patent and Trademark Office on February 4, 2020. The IPR was filed by Sling TV L.L.C. Vudu has sought to join the Sling IPR. It has also agreed that if the Court grants its motion to stay, it will "be bound by the outcome of the Sling IPR on the validity of the [#]609 patent on the merits to the same extent that Sling is bound, regardless of whether Vudu's motion for joinder is granted." D.I. 71.

The Court considers three factors when deciding a motion to stay: "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from

any delay, or allow the movant to gain a clear tactical advantage." *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, 2015 WL 1737476, at *1 (D. Del. Apr. 9, 2015) (citations omitted).

The first and third factors support a stay of the case, and I will therefore grant the motion. The #609 patent is one of two patents that are being actively litigated in the case at this time, and the validity of 75% of the asserted claims currently at issue in the case are the subject of the pending IPR. Because Vudu has agreed to be bound by the outcome of the Sling IPR on the validity of the #609 patent on the merits to the same extent Sling would be bound, granting the stay will simplify the issues for trial. Moreover, because Plaintiff is a non-practicing entity that does not compete with Vudu and thus any alleged harm it may suffer is purely monetary, Uniloc will not be unduly prejudiced by a stay.

**WHEREFORE**, at Wilmington this 26th day of March in 2020, **IT IS HEREBY ORDERED** that Defendant Vudu, Inc's Motion to Stay (D.I. 54) is **GRANTED**.

                                                    _____
                                                    COLM F. CONNOLLY
                                          UNITED STATES DISTRICT JUDGE